# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHIL SANDERS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-1126** |
| **AEGIS SECURITY INSURANCE COMPANY** | **SECTION: "B" (4)** |

## ORDER

Before the Court is **Defendant Aegis Security Insurance Company's Motion to Compel Full and Complete Answers to Interrogatories (R. Doc. 9)**, filed by the Defendant, Aegis Security Insurance Company ("Aegis"), seeking an Order compelling Plaintiffs, Phil and Lynn Sanders (collectively, "the Sanders") to provide full and adequate answers to interrogatories and comply with requests for production propounded on February 5, 2010. ( R. Doc. 9-1, p. 2.) Aegis also moves this Court for attorney's fees and costs. (R. Doc. 9-1, p. 3.) The Sanders oppose their motion. (R. Doc. 10.) The matter was heard with oral arguments on Wednesday, September 1, 2010.

## I. Factual Background

The Sanders filed this claim against Aegis Security Insurance Company seeking to recover damages to their home located at 2204 A.D. Tureaud Avenue; New Orleans, Louisiana, as a result of Hurricane Katrina. (R. Doc. 1.) At the time of the hurricane, the property was covered by a homeowner's policy of insurance that provided coverage for damages caused by wind driven rain. (R. Doc. 1,¶ 5.) The Sanders made a claim under the policy and received a payment which they contend was inadequate. (R. Doc. 1. ¶ VI.) The Sanders claim that they are entitled to recover the policy limits for structure, other structures, contents, debris removal and additional living expenses. (R. Doc. 1, ¶ VI.)

Aegis asserts that they have fully compensated the Sanders. (R. Doc. 5, p. 3.) As a result, it contends that they are not due any further payment under the policy.

On February 5, 2010, Aegis propounded its Interrogatories and Requests for Production on the Sanders. (R. Doc. 9-1, p. 2.) The Sanders did not respond to these requests until April 14, 2010. (R. Doc. 9-1, p. 2.) According to the Sanders, a death in the family complicated the process of providing responses, and as a result, their responses were not verified by signature. (R. Doc. 10, p. 2.)

Aegis believed that the Sanders' initial responses to Interrogatories 5, 6, and 13 were inadequate, insufficient, and non-responsive. (R. Doc. 9-1, p. 2.) Counsel for Aegis sent counsel for the Plaintiffs a letter outlining the deficient responses on April 29, 2010. A discovery conference was held on May 11, 2010, where counsel for the Sanders agreed to supplement the responses on or before May 17, 2010. (R. Doc. 9-1, p. 2.) On May 17, 2010, the Sanders' provided their amended responses which Aegis contends remain inadequate. As a result, Aegis filed the subject motion seeking an order requiring the Sanders to supplement their responses to Interrogatories 5, 6, and 13.

The Sanders contend in contrast they have produced complete responses. (R. Doc. 10, p. 2.) As a result, they contend that additional responses are not due to Aegis.

## II.  **Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded

a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.*

### III. <u>Analysis</u>

The discovery at issue in the motion generally seek production of a list of all damages sought to be recovered and the amounts sought for each item of damage. (Interrogatory 5, R. Doc. 9-2, p. 8.) In the response, the Sanders objected on the grounds that the request was overly broad, vague, and unduly burdensome. (R. Doc. 9-3, Exh. B, p. 5.) Subject to the objection, the Sanders referred Aegis to their expert report for evidence of the structural damage. The Sanders did not itemize or provide a total amount of damages in the following categories: personal property or contents, bad faith, or additional living expenses. As a result, Aegis seeks an Order requiring the Sanders to

supplement their response to Interrogatory 5.

The Sanders argue that they have clearly listed the "types" of damages sought, and insofar as the amounts are concerned, they contend that they are not required to "plead their entire case within the discovery pleadings." (R. Doc. 10, p. 3.) They further argue that they have made clear that they are seeking the amount of their total covered damages, minus any prior payments, and have provided receipts, a chart which tabulates those receipts, and an expert report which contains the amounts sought. (R. Doc. 10, p. 5.)

Regarding the claim for bad faith damages, during the hearing on the motion, counsel for the Sanders agreed to withdraw the claim with prejudice. As a result, the request to supplement is moot as to this claim.

The issue is whether Plaintiff's responses which referred Aegis to the Plaintiff's expert's report of estimated construction costs is sufficient. At the hearing, Aegis alleged, and the Sanders conceded, that construction on the home was completed in 2008. Therefore, the proper basis for assessing the damage sustained to the home is not the estimated damages, but the actual cost of repairs. *See Lacroix v. State Farm Fire and Cas. Co.* 2010 WL 2265577 *4 (E. D. La. June 2, 2010); *see also Gambrell v. Audobon Ins. Co.*, La. App., 115 So. 2d 727, 630 ("[d]amages may be predicated on the basis of estimates only when the loss has not been repaired. If the damaged property has been restored to its former condition by repair, the proper basis for assessing the damage is the repair bill"). Therefore, the expert report does not adequately address the repair costs.

Although the Sanders produced some receipts regarding the repairs, the Court finds that it is difficult to identify the role that the items purchased played in the construction of the home. Therefore, the Court concludes that the response to Interrogatory 5 is insufficient. The objections

4

are overruled. Further, the Sanders are ordered to supplement their response to Interrogatory 5 regarding the structural damages by providing, in conjunction with the receipts, a summary of the materials purchased, their use in repair of the structure in each phase of construction, and the total cost of those repairs.

Regarding the claim for additional living expenses identified in response to Interrogatory 5, counsel for Aegis claimed that despite the assertion by the Plaintiffs that they produced evidence of additional living expenses, Aegis never received such documentation. After review of the documents produced in discovery, it was conceded by counsel for the Plaintiffs that Aegis was not provided with additional living expenses receipts. As a result, the Sanders agreed to provide Aegis evidence of the alleged additional living expenses.

Regarding the contents claim, at the hearing, counsel for the Sanders conceded that the damage sustained by the home was caused by both flood and wind. However, the itemized list produced included personal property damaged by flooding and did not segregate items damaged by wind driven rain. The Sanders further conceded that their single story home retained six (6) feet of water. Consequently, the Court finds that Interrogatory 5 should be supplemented regarding the contents damaged by wind and wind driven rain.

Also in dispute is Interrogatory 6, which seeks information regarding the various repairs made to the home. The Court finds that this interrogatory overlaps with Interrogatory 5. The information sought by Interrogatory 6 is duplicative and deemed satisfied. However, insofar as the Plaintiffs have failed to provide contact information for Kim D. Richardson as requested in this interrogatory, the Court orders the Plaintiffs to produce this information.

Finally, Interrogatory 13 seeks a listing of items and amounts sought for additional living expenses. Interrogatory 13 also overlaps with information sought by Interrogatory 5. To the extent

the information was addressed above, Interrogatory 13 has been satisfied.

Accordingly,

**IT IS ORDERED** that **Defendant Aegis Security Insurance Company's Motion to Compel Full and Complete Answers to Interrogatories (R. Doc. 9)** is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Lynn and Phil Sanders supplement their responses to **Interrogatory 5** no later than **seven (7) days** from the signing of this Order in the following respects:

- regarding the structural damages, provide, in conjunction with the receipts, a summary of the materials purchased, their use in repair of the structure in each phase of construction, and the total cost of those repairs.

- regarding the contents claim, provide information regarding the damages sought for contents damaged from wind and wind driven rain.

- regarding additional living expenses, provide a list itemizing the costs associated with additional living expenses incurred as a result of Hurricane Katrina, including any receipts. Supplementation renders **Interrogatory 13** satisfied.

**IT IS FURTHER ORDERED** that Lynn and Phil Sanders supplement their response to **Interrogatory 6** with valid contact information for Kim D. Richardson **no later than seven (7) days** from the signing of this Order.

New Orleans, Louisiana, this 9th day of September, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**